Vahe Sarkiss' motion to suppress the evidence obtained through his supervisor-release search should have been suppressed. There were no objective facts that supported a violation of either his supervisor-release conditions or that there was unlawful conduct. There just has to be reasonable suspicion. And so when they find images that of, you know, naked males who look awfully young, that they're not quite sure, but they think, maybe, that's, that's seen like what, maybe not probable cause, but the standard is just reasonable suspicion. And reasonable suspicion is to raise a sufficient question of war and further inquiry. That seems to warrant further inquiry as to, you know, what the nature of these images and whether there's, there's more. So why isn't that reasonable suspicion? Because on May 31, 2017, when the images, when the thumb drive was found and the images were looked at, neither the sheriff nor the woman that found the images or the probation officer believed them to be of minors. He was allowed by Sarkiss, was allowed to possess adult pornography. And the probation officer, when he obtained the thumb drive, again from May 31st, he did not seek to search until August 2nd. And so during that time, there was an analysis done of the images and there was no proof or support that the images were of minors. Further, the, the search plan, which the probation officer wrote up, admitted or indicated that the images were of post-pubescent individuals. Again, more support that they were not of minors. It's a legal line for child pornography, post-pubescent. That's true. They need to be of, they need to be minors. If they were pre-pubescent, that would be probable cause. That would be probable cause and that certainly would be reasonable suspicion, I would agree. But the, my point is that, for example, the Ninth Circuit, there's a case called United States v. Mariscal, 285 F. 3rd, 1127, Ninth Circuit, 2002. In that case, in analyzing reasonable suspicion to pull over somebody for a traffic violation, the Ninth Circuit said that objective facts that cannot constitute a violation could not be reasonable, that the suspicion cannot be reasonable. And so that's what I would say here. The objective facts were there were images, yes, they were of young males, but he's allowed to possess images of young males that are adult pornography. And the other objective fact was that he is, was previously convicted of child pornography possession. I agree. However, I guess what I, what, again, if we were looking at a freestanding search warrant issued by a United States magistrate, I think you'd have a stronger and better and probably more extensive argument to make. But being on supervised release from another conviction, the defendant, Mr. Sarkis, was they didn't even need a search. And then when the examination of that flash drive showed, as Judge Collins pointed out, very young looking men that it seems to me they had the authority to search based on the two other factors that you mentioned, which are the, which I mean, it's a reasonable suspicion, it seems to me that if I look at a flash drive, I see an image, it looks young, the fellow has a prior conviction, relevant and germane, and and the information on the flash drive is close enough, that's a reasonable suspicion to go in and search the computers and everything. However, yes, I do see that there, except, I'm sorry, let me put it the other way, except for the fact that the analysis of the pictures did not show that they were of minors. And his supervised release conditions after the fact, you mean, right? After the thumb drive was found. His supervised release conditions stated that the search would be reasonable suspicion concerning a violation of a condition of conduct by the defendant. Here, at best, I would say that the probation officer had a hunch. And so looking at images that look young, that's true, but that's at best a hunch because it's not an objective fact that these were images of minors. And so for that reason, the motion to suppress should have been granted. The other issue I'd like to highlight, and I know I've raised several issues in the briefs, the other issue I'd like to highlight is the sentencing. The sentencing, his sentence should be vacated. And the reason it should be vacated is under Rule 32, the district court did not address the various objections I had made to the pre-sentence report. Specifically, several enhancements, guideline increases, which the district court at sentencing asked, is there anything else additional I'd like to comment on other than what I've presented in the papers? And I began discussing mitigation of his sentence based on his personal background. And Mr. Sarkis allocated, again, describing his personal background or why he deserved a lower sentence. But as to the objections, the district court did not address the several objections that raised his guidelines to a level 31 and ultimately his sentence more than the 10-year mandatory minimum to 135 months. So for example, the district court did not address the two-level increase for material involving a pre-pubescent minor, which, important to highlight here, I, in the paper, specifically denied that he possessed an image of a pre-pubescent minor. So it's not merely a legal argument. Can I just, yes, thank you so much. I just want to make sure I have this. You made two objections about the prior convictions, as I understand it. One went to a sentencing application. The other went toward double counting. You objected to three enhancements under 2G, some of which you just talked about. And then you talked about the number of images. And I agree with you that it seems that the district judge made a summary or somewhat quick decision in overruling all six of those objections. But I also would say he heard all the trial evidence. He heard from an agent by the name of Denny, who I believe testified at sentencing. And he made some observations based on his experience and logic that would seem to, although we might have asked for a better record, would seem to us to vacate, remand, and have him look at all this again with perhaps the same result on the horizon. But go right ahead. Although Judge Fisher certainly presided over the trial, that's true. But sentencing requires the court to set forth enough information to satisfy an appellate court that she considered the party's arguments. And she didn't do that. And importantly, to point out as an example, why her simply having presided over the trial and then not address my objections specifically, and then find that he's a level 31, why that's insufficient. It would be, for example, for levels increased for material that portrays statistic or masochistic conduct, or other depictions of violence, or sexual abuse, or exploitation of an infant or toddler. Which of these would we guess that she relied on to increase his levels by four? I mean, there were no depictions of violence. There was no exploitation of an infant. So it's unclear from the record, and I think wrong, because I don't believe that there were any this increase being applied, let alone four levels of it. And there were no, as well as the other, increases that I objected to as not being applicable. And so that would be my response, Your Honor. And so for those reasons, certainly the sentencing should be vacated at minimum. I've already highlighted the motion to suppress, and the other arguments that I've raised, I think are also an appropriate basis to vacate his conviction and remand for a new trial. For example, the use of his prior conviction. I understand the court ruled under Rule 414, that his prior conviction could come in to allow the government to prove his, if he opened the door, his predilection, or desires, or interests in young children. However, that's not what the government did. In its opening statement, it highlighted that he had a prior conviction, and therefore he was guilty of this crime. That's not an appropriate use of under 414. 414 allows. That's exactly what it allows. You can disagree with the policy decision behind that rule, but that's what it allows. That's why it was amended. I disagree with, I do disagree with the way it was used. And I, the district court had specified how it would allow the government to use it, and I don't believe the, that if he opened the door to the 414 is an exception to 404A, then why is it there? What does it do? It allows the use of a prior conviction, but I believe that it shouldn't be allowed. Now, the use of it in this, the way it was used in this case, I think violated not only 414, but also 403, and the court's rulings as to how it would be allowed, because it's, it would also violate, I believe, the propensity rule that Your Honor highlighted, 404. I don't think it should, the prior conviction should have been used in the way that the instruction on that while the jury was in the courtroom, or, or I should say, did you ask for the court to clear up the purpose of which he was, she, I'm sorry, she was allowing the evidence to be used while the jury was in the courtroom? I believe I did ask for limiting instruction. I see my time is up, and I'll search for it and Okay. Thank you. Good morning, Your Honors. Paul E. Morgadis on behalf of the United States with Mid-Council Table List, AUSA, Jeremiah Libyan as well. May it please the court. I'd like to start, I guess, with the arguments that defense counsel raised, and I'll be brief, specifically with regard to the suppression issues. I believe one critical fact that was is that the district court actually reviewed the images on the thumb drive, and I believe it was Judge Collins who pointed out there's no need for certainty. It's a lower threshold than that, not even probable cause. Here, we have the district court who actually reviewed these, and it's clear error. That's the standard that's applicable, and she reviewed it and wrote, in any event, the court has viewed the images, and there's no doubt that the probation officer's reasonable suspicion was justified. I think that speaks to this issue. Again, clear error applies that he hasn't attacked the district court's review of those images. That was an objective factor that was considered. She reviewed it. She believed reasonable suspicion applied, and that, therefore, justified, in addition to the other factors, his prior conviction for the same offense, et cetera. That all justified the probation search. With respect to sentencing, Judge Murphy pointed out that, of course, in hindsight, perhaps more detail may have been appropriate. However, that's not necessarily what's required under Rule 32. All that's required is, essentially, for her to consider the objections that counsel raised and for her to address them, albeit even if it is in a summary or in a quick fashion. Specifically, the case law says that the district court need not give detailed or lengthy- Given the example that he gave, how do you understand the district court's ruling with respect to the four levels? If you're talking about the masochistic and sadistic enhancement, I believe it was Judge Murphy who pointed out she was there. She was there during trial. In fact, she did a very careful analysis of the evidence that the government was allowed to introduce at trial. This was thoroughly litigated before the trial, where the government was held to strict 19 images, I believe, that the government was allowed to introduce. She was very familiar with the images that the government was going to use at trial. She was there for the testimony, not just for the images that were shown to the jurors, but also the testimony from the case agent, which Judge Murphy referenced earlier, FBI Special Agent Rick Denny, who testified at trial and at the sentencing hearing. Do you know why and on what basis she applied the four levels? Well, it would be for the sadistic and masochistic conduct specifically. One of the factors would be humiliation. Some of the images involved two adult men urinating on a young child or ejaculating on a young child's chest. I mean, there was a plethora. There were many different images that were shown at trial that provided the foundation for that plus four enhancement, but I will note... As a legal matter, is it necessary for a district judge to cite her pre-trial or in-trial rulings on those types of issues when ruling on a sentencing objection like this one? I don't believe that's required. And again, and I was just going to make this point with Judge Collins. Notably, yes, the defendant did raise some of these issues, albeit very high level and focused on a legal argument in his objections to the PSR. However, at the sentencing hearing, all he focused on was the plus four, I believe, or plus five for the 600 images. He didn't raise this issue of the sadistic or masochistic conduct. The district court basically said, I'm going to adopt the, essentially, the factual findings in the PSR, and I'm looking at that portion of the PSR that deals with this four-level increase, and I won't read what it says there, but there's a very specific description of the image that's shown. Absolutely. I believe that's at ER 37, which counsel attached to this brief. She absolutely considered this, and again, to Judge Murphy's point, it was in a summary fashion, but at the arguments that counsel made, enhancement issues that he attacked, she addresses that. In fact, she cites to a case that the government cited to U.S. v. Treadwell, the thrust of his argument was legal. It was that a jury should have found the prior conviction. A jury should have found the sadistic or masochistic issue or the 600 plus images, and she specifically cites to U.S. v. Treadwell, which says, no, that is not something that a jury needs to find beyond a reasonable doubt. Rather, it's something that she is required to find by preponderance of the evidence, and she specifically says that that standard has been met here, and therefore, she adopts the PSR's enhancement. So respectfully, I do believe that she did comply with Rule 32. At a minimum, because counsel didn't raise those issues at the hearing, it's a plain error. That would apply here for this Court's consideration, and he hasn't pointed to any prejudice resulting from this alleged error. As Judge Murphy pointed out, if we're going to go back and do it again, yes, she would then identify potentially the image, but the result would be the same. There was overwhelming evidence at trial. She saw these images, then he testified, the agent testified at the trial regarding these images and the fact that there were 600 plus. Counsel had an opportunity to cross-examine him, and in fact, he did cross-examine him. And after that, the Court made an apt ruling based on the evidence before her, both at trial and at the sentencing hearing. So respectfully, I believe that sentence should be affirmed. Although counsel didn't mention this, he also calls the sentence unreasonable. I will just note that it's not only within guidelines sentence, it is also at the low end, which is the government's recommendation at sentencing. The government had a lot of discretion here. There was a potential obstruction of justice enhancement that was available that the District Court specifically called out because this defendant chose to testify and testify falsely repeatedly. Notwithstanding that, the government did not seek an obstruction of enhancement. It stood by its low end recommendation, and that's ultimately what the Court gave, and I believe that is absolutely reasonable. And then finally, with respect to the prior conviction and admission of that, it's an abuse of discretion standard. The Court identified Rule 414. It specifically allows for propensity. It is an exception to Rule 448. This Court in United States v. LeMay identified the issue. Of course, there's prejudice with admitting prior sexual abuse of minors, but... Hold on one sec. I don't disagree with any of that. However, and I didn't quite pick up on or necessarily appreciate the subtlety of the argument, but my understanding from what we've heard here this morning is that your trial counsel announced in opening statement that the 414 evidence would be used for one particular reason, which I don't know what other than propensity it would be, but was then used to show propensity at trial and in closing, and that would be an improper discrepancy that should cause some concern from the Court of Appeals. I don't know if that's correct or what the facts were necessarily, but I am interested to know if using 414 evidence outside of what you've proffered it's going to be used for would cause any concern here. Your Honor, respectfully, I disagree. First and foremost, I believe counsel's conflating the Court's pretrial rulings on the enemy image, the cartoon image, as opposed to the prior conviction. There was no restriction on the government's use of the prior conviction. Under 414, it specifically is for propensity. The government was allowed to make that argument, and, in fact, the Court affirmed that in post-trial motions that the parties litigated. So, again, I think that's the whole ballgame, right? You always want to use evidence under 404B to show motive, plan, opportunity, but what you really want it for is propensity, right? And those lines have to be carefully drawn, but here the rule gives you... I just don't know what else you would ask to use it for. Absolutely. I do want to draw the Court's attention to, again, that this was a very careful consideration that the District Court applied. It was litigated in pretrial. The Court analyzed the LeMay factors, which this Court has essentially required a District Court to do. Her ruling was thoughtful, and, specifically, every one of those LeMay factors weighed in favor of admission of this evidence. And, ultimately, at trial, the defendant, again, took the stand. He presented an affirmative defense. His defense was that he did not He denied that these were, in fact, children. He claimed that these were adults, that he claimed that he was trying to destroy the evidence, excuse me, destroy the computers and the devices. He claimed that he possessed this for some anatomical study of the male phalanx. And so there was a lot of excuses that he presented, and so this evidence was directly relevant to Rook. But the theory that he was presenting at trial, certainly his trial testimony during his direct and cross-examination, and, again, that the Court did a very He drew his to the animating, I mean, but the conviction came in the case in sheet. That absolutely it did. Yes, Your Honor. I'm sorry if that was confusing. The cartoon image did come in the defense case because the defense opened the door. With respect to the prior conviction, though, the Court ruled pretrial, but that was admissible, in part because of some of the theories that the defense had proffered in its pretrial motions. And, again, one of the theories was this affirmative defense that they put us on notice of as they were required to early on. And so we knew going into it that the theory of the defense was going to be inadvertent possession, or that it, you know, it didn't amount to the 4,000 plus images that he had. It was only three or less as required by the affirmative defense. And so knowing that, and the government's arguments, obviously, on this issue, the Court considered it thoroughly and ultimately ruled in our favor under the LeMay factors that it was admissible for any purpose, including propensity. I'm happy to go on further. Yeah, I think the last issue, which we talked about, was the reasonableness of the sentence. The government respectfully submits that it was reasonable. It was within guidelines. It was a low end. For all those reasons, Your Honors should affirm the District Court. Again, it was a, as the Court can appreciate, there was a lot of pretrial litigation on this, post-trial litigation. The District Court's rulings were very thoughtful. She was very thoughtful in her analysis and nearly everything that she did. And for those reasons, we ask the Court affirm the District Court's rulings. Thank you very much. Thank you. Is there time for a vote on that? Yes. Briefly. Yes, at trial, the District Court allowed, I believe it was 19 images. However, the District Court, whether it's masochistic or whether it's pre-bubescent or what, there were no such findings. She just simply allowed the government those images. So there's no basis for this Court to give any weight to the fact that she allowed those images to satisfy the various guideline increases that were applied later. Yes, Agent Denny testified at sentencing. That's true. However, he did not bring with him any images, none. So for the Court to find that his sentence should be increased, I believe it was five levels because he purportedly possessed more than 600 images, is completely unfair. There's no basis to make that finding. I objected to it at the time. I objected to the fact that the Court is allowing the agent to be the arbiter of whether there were take the time to look at any images at sentencing. There were never 600 images at any time presented for the Court to review, either at trial or at sentencing. So a five-level increase for that alone was... The claim is reliant upon you to cross-examine the agent if you disagree with the testimony that was offered. You had the images, right? No, I don't. I'm not allowed to possess them, and the government didn't bring them. And so my cross-examination was frankly meaningless. To cross-examine him on what? His spreadsheet or his opinion that there were more than 600 images? He said that he believed there were. There's no basis in any proof to support that. You don't have an opportunity to review the images yourself. That's what you're saying. No, of course. Yes, I had, and I disagreed. They're not. And so, I mean, am I allowed to photocopy and present the Court 600 images of what is not pornographic? I'm not sure. Yeah, I'm not sure what you're supposed to do if you don't have the images in front of you in court. But you were given an opportunity to cross-examine the agent on his testimony. What did you elicit on cross-examination? I elicited that he did not bring with him any images, that we could not... that the Court could not see any of the images that he's referring to, specifically 600 or more. And so all we were left with was his opinion. Frankly, yes, of course. Was I allowed to cross-examine? Yes, I was. But my cross-examination was rendered meaningless by the fact that the agent had not brought with him any images to show the Court, because the agent said that he's not allowed to possess any images. And that's why he didn't bring him to court. So what purpose is it for me to cross-examine? Not that what purpose, but again, my cross-examination was rendered meaningless. And to then increase his sentence by that many levels. And yes, there is prejudice by the addition of all these increases. His sentence was greater than the mandatory minimum. And so the 135 months, based on level 31, is where the prejudice lies. Thank you very much. Okay, thank you very much. The case just argued is submitted.
judges: WATFORD, COLLINS, Murphy